## Tibben's Estate.

*Estate for life—Consumption of estate by life tenant—Distribution—Evidence.*

Testator by his will gave all his estate to his wife with power to sell real estate "and at her death should there be anything remaining" then over. The only estate which the testator left, beyond what was required for funeral expenses and widow's exemption, consisted of three lots, which the widow sold for $3,700. The widow survived her husband fifteen years. She had other resources than those derived from her husband, and the mortgages which she owned at her death were of different dates and for different sums than the dates of the sales, and the amounts of the purchase money, and they were given by other persons than the purchasers of the lots. *Held*, that the evidence was insufficient to show that the property left by the wife was any portion of her husband's estate.

Argued Oct. 9, 1900. Appeal, No. 88, Oct. T., 1900, by Charles Harkinson et al., from decree of O. C. Phila. Co., Oct. T., 1898, No. 145, dismissing exceptions to adjudication in the estate of Hester Ann Tibben. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the adjudication of FERGUSON, J., which was as follows:

William Tibben died over eighteen years ago. By his will, which is dated on the 15th day of January, 1867, he gave to his beloved wife, Hester Ann Tibben, all his estate, real, personal and mixed, as long as she shall live, and should she find it necessary or advantageous to sell all or any part of his said estate, real or personal, she was authorized and empowered so to do, " and at her death should there be anything remaining of my said estate," then he gave the same to certain relatives in his said will mentioned.

It was contended that the words of the will quoted did not give the widow an absolute estate in what was left by her husband, and that therefore so much of the balance for distribution as belonged to his estate should be awarded to those interested in the remainder under his will.

It is not necessary to discuss the question of law which is thus raised, as it does not appear from the facts submitted that the fund in court, or any portion thereof, was part of the estate of William Tibben, deceased.

It must be conceded that the widow had the right to use the whole of her husband's estate, if she so desired, and it was only what was left at her death that passed to the remainder-men. This being so, the burden rests upon those who assert that the balance as shown by this account belongs to the estate of William Tibben to prove it.

It appeared that William Tibben left no personal estate excepting about $540, part of which was household furniture. This was more than absorbed by the widow's exemption and funeral expenses. He left one piece of real estate consisting of a lot of ground in Roxborough. A portion of this lot he sold in his lifetime, and what was left passed to his widow under his will. This was the whole of his estate. The widow sold this lot at three different times to three different purchasers, the total consideration that she received therefor being about $3,700. She lived fifteen years after her husband's death. Certainly, this is not an extravagant sum for the maintenance and support of an old lady for so many years, and the inference is therefore very strong that all that she received from her husband's estate was thus consumed. But because she left some estate of her own invested in mortgages amounting to about this sum, we are asked to infer that the money she left was the proceeds of the sale of this real estate, and therefore belonged to her husband's estate. There is no evidence to connect the two things. The fund is not earmarked in any way. If the mortgages she held at her death had been given to secure the purchase money of the lots sold or any of them, then it might be inferred that they came from the husband's estate; but they are all on other properties, and as before stated, not connected with this property in any way. Besides, it appeared that she had money of her own, derived from the estate of her father. A witness for the claimant testified that she told him that this amounted to $1,100, and that she had it long before the death of her husband. If she had received this money from other sources, why may she not have received more? Be this as it may, there was no evidence to connect

this fund now before the court for distribution with the estate of William Tibben, deceased, and, in the absence of such evidence, we cannot infer that it did belong to his estate.

Exceptions to the adjudication were dismissed by the court in banc. The material portion of the opinion of the court dismissing the exceptions was as follows:

But apart from principle the exceptants' claim is set at rest by the facts in the case. There was no proof that the securities left by the decedent represented in part or in whole the proceeds of the real estate which had been devised by her husband. The proof was altogether the other way. The husband died fifteen years before his wife, and the sole property which he left, beyond what was required for funeral expenses and the widow's exemption, was the real estate consisting of three lots which he devised, and which the widow afterwards sold. The widow had other resources than those derived from her husband, and the mortgages which she owned at her death were of different dates and for different sums than the dates of the sales, and the amounts of the purchase money, and they were given by other persons than the purchasers of those lots. One example will be sufficient: The decedent sold the last of the three lots which came from her husband, which were located on Fountain street, on April 12, 1894, to Wm. Wylie. But her last mortgage loan was effected March 31, 1894, and was secured upon premises on Shawmont avenue, and was made by Robert Mower.

This was not only short of direct proof that the moneys loaned came from the husband's estate, which in Milligan's Appeal, 82 Pa. 389, was held to be requisite, but it tended to raise the strongest possible presumption that they belonged to the wife.

*Errors assigned* were in dismissing exceptions to adjudication.

*DeForrest Ballou*, for appellants.

*Alexander Simpson, Jr.*, with him *Frederick A. Sobernheimer*, for appellee.

OPINION BY RICE, P. J., January 22, 1901:

We are not prepared to say that the construction given to

the will of William Tibben in the able opinion of the court below overruling the exceptions is not the true construction. It seems unnecessary, however, to discuss or to decide that question in the present appeal, for whatever may be the true construction of William Tibben's will, the distributee thereunder could not be awarded the fund for distribution in the adjudication of the estate of Hester Ann Tibben without proving that the fund consisted of money derived from the sale of the property of her husband under the power given in his will. The evidence utterly fails to establish this fact with any degree of certainty. This is so clearly shown in the opinion of the learned auditing judge and the opinion of the court overruling the exceptions, as to render a discussion of the evidence by us superfluous. We fully concur in their findings. It is unnecessary also to refer to the delay in perfecting this appeal, or to the objections that the appellants' paper-book does not conform to our rules. The decree must be affirmed on the merits, even if these objections were out of the way.

The decree is affirmed and the appeal dismissed at the costs of the appellants.